UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BARBARA HARWELL, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 3:15-cv-374 |
| PORTFOLIO RECOVERY ASSOCIATES, LLC | DEMAND FOR JURY TRIAL |
| Defendant. | |

COMPLAINT FOR RELIEF PURSUANT
TO THE FAIR DEBT COLLECTION PRACTICES ACT

NOW COMES the Plaintiff, BARBARA HARWELL ("Plaintiff"), by and through her attorneys, Consumer Law Partners, LLC ("CLP") complaining of PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant"), as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), and the Indiana Deceptive Consumer Sales Act, I.C. 24-5-0.5 et seq. ("IDCSA") for Defendant's unlawful collection practices.

## JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C. §227, 28 U.S.C. §§1331, 1337, as the action arises under the laws of the United States and supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3.  Venue is proper in this Court pursuant to 28 U.S.C. §1391, as Defendant conducts business in the Northern District of Indiana and all of the events or omissions giving rise to the claims occurred within the Northern District of Indiana.

## PARTIES

4.  Plaintiff is a 50 year old natural person, residing at 625 W. Blaine Avenue, Elkhart, Indiana, which is located within the Northern District of Indiana.

5.  Plaintiff is a "consumer" as defined by §1692a(3).

6.  Defendant is a third party debt buyer and collection agency with its headquarters located at 120 Corporate Boulevard, Norfolk, Virginia.[1] Defendant is in the business of purchasing and collecting delinquent consumer debts of others, including debts allegedly owed by Plaintiff.

7.  Defendant is licensed with the Indiana Secretary of State under control number 2001102500046 and is in the business of buying and collecting consumer debts in multiple states, including Indiana.

8.  Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

9.  On its website and correspondences, Defendant identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals since 1997.[2]

## FACTS SUPPORTING CAUSES OF ACTION

10.  In early 2015, Plaintiff began receiving mail correspondence from Defendant regarding a number of delinquent consumer debts that she had incurred.

---

[1] http://www.portfoliorecovery.com/index.html
[2] http://www.acainternational.org/memberdirectory.aspx

11. Upon information and belief, Defendant purchased the collection rights to various delinquent consumer accounts of Plaintiff's. *See* attached Exhibit A are true and correct copies of collection letters sent to Plaintiff by Defendant.[3]

12. In addition to the letters, Defendant also started making collection phone calls to Plaintiff attempting to collect on the subject consumer debts.

13. All the collection calls from Defendant were placed to Plaintiff's cellular telephone number, (574) 343-9512.

14. On April 13, 2015, due to various medical conditions, Plaintiff was forced to go on leave from her job with Elkhart General Hospital.[4]

15. Lacking income, Plaintiff informed Defendant that she could not make payment on the subject consumer debts and demanded that they cease contacting her.

16. Despite Plaintiff's repeated requests to cease contacting her, Defendant continued its calls to her cellular phone.

17. Frustrated over Defendant's continuing attempts to collect on the subject consumer debts, Plaintiff spoke with CLP regarding her legal rights.

18. On July 27, 2015, CLP mailed a letter to Defendant specifically advising it that Plaintiff was represented by counsel and to cease any direct contact with her. *See* attached Exhibit B is a true and correct copy of CLP's letter and proof of mailing.

19. On August 14, 2015 at 4:30 pm EST, Plaintiff received a collection call from Defendant attempting to collect on the subject consumer debts. *See* attached Exhibit C is a true and correct copy of a screen shot taken from Plaintiff's cellular phone.

---

[3] Several of Defendant's collection letters misidentify Plaintiff as "BARB A AARWELL".
[4] Plaintiff is currently awaiting a decision from her employer on whether she will receive disability income or be able to return to work.

20. The number that Defendant used to call Plaintiff was (205) 238-6074.  *See* Exhibit C.

21. The August 14 collection call was placed to Plaintiff 18 days after CLP's letter was sent to Defendant.

22. Armed with the knowledge that Defendant would not cease its collection actions despite a written demand from her attorneys, Plaintiff instructed CLP to initiate the instant proceedings.

23. Plaintiff has grown increasingly overwhelmed and frustrated by Defendant's collection actions and her inability to pay the subject consumer debts.

24. Plaintiff's physical condition has been worsened by Defendant's collection actions.

25. Plaintiff has incurred costs and expenses consulting with her attorneys as a result of Defendant's collection actions.

26. Plaintiff has been inconvenienced and harassed by Defendant's collection actions.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

28. Generally, the FDCPA limits a debt collector's ability to communicate with a consumer in certain circumstances.

29. Specifically, a debt collector cannot communicate with a consumer in connection with the collection of any debt "if the debt collector knows the consumer is represented by an attorney with respect to such debt, and has knowledge of, or can readily ascertain such attorney's name and address." 15 U.S.C. §1692c(a)(2).

30. Defendant violated 15 U.S.C. §§1692c(a)(2) and f through its debt collection actions when it continued to contact Plaintiff directly, despite knowledge that she was represented by an attorney.  CLP mailed correspondence to Defendant in order to explicitly inform them that Plaintiff

was represented by counsel. In fact, the correspondence sent to Defendant referenced the specific statute that is the subject of this lawsuit. *See* Exhibit B.

31. Defendant, as an experienced and sophisticated debt collector, should have immediately ceased all direct communications with Plaintiff when it received the correspondence from CLP. Rather than deal directly with Plaintiff's counsel, Defendant has attempted to circumvent CLP's involvement and continue to collect on the subject consumer debts directly from an unsophisticated and downtrodden consumer.

32. Defendant violated 15 U.S.C. §§1692e and f through its debt collection actions when it sent Plaintiff collection letters misstating Plaintiff's name. As evidenced by Exhibit B, Defendant sent misleading and confusing statements to Plaintiff. Any assertion by Defendant that the misrepresentations were simply the result of a typo is undercut by the fact that it also sent Plaintiff statements with her correct name.

33. The above conduct by Defendant was harassing and unfair. It was engaged in to pray on the vulnerability of a downtrodden and unsophisticated consumer. Using the above tactics during debt collection is the exact type of conduct that the FDCPA aims to protect against.

34. As plead in paragraphs 23 through 26, Plaintiff was harmed by Defendant's illegal collection actions.

WHEREFORE, Plaintiff, BARBARA HARWELL, respectfully requests that this Honorable Court enter judgment in her favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

   c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

5

  d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

  e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

35. Plaintiff restates and realleges paragraphs 1 through 34 as though fully set forth herein.

36. The Telephone Consumer Protection Act ("TCPA") prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS"). 47 U.S.C. §227(b)(1)(iii). The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

37. Defendant violated the TCPA by placing phone calls to Plaintiff's cellular phone using an ATDS without her consent.

38. Plaintiff never gave Defendant consent to automatically dial her cellular phone. Any consent that *may* (emphasis added) have been given by Plaintiff to any party associated with the subject consumer debts was vehemently revoked. Plaintiff repeatedly requested that Defendant cease contacting her during the collection calls. Additionally, CLP's letter of representation to Defendant specifically revoked consent for Plaintiff's cellular phone to be automatically dialed.

39. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to plaintiff for at least $500.00 per call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violation of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

WHEREFORE, Plaintiff, BARBARA HARWELL, respectfully requests that this Honorable Court enter judgment in her favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b. Award Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§227(b)(3)(B)&(C);

    c. Awarding Plaintiff costs and reasonable attorney fees; and

    d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III --VIOLATIONS OF THE
### INDIANA DECEPTIVE CONSUMER SALES ACT

40. Plaintiff restates and realleges paragraphs 1 through 39 as though fully set forth herein.

41. Defendant violated I.C. 24-5-0.5-3(b)(19) and (20) by engaging in an unfair, abusive, and deceptive practice in its attempts to collect on the subject consumer debts.

42. The IDCSA states:

> A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations.
> I.C. 24-5-0.5-3(a).

> Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of 47 U.S.C. 227, including any rules or regulations issued under 47 U.S.C. 227. The violation by a supplier of the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.), including any rules or regulations issued under the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.). I.C. 24-5-0.5-3(b)(19) and (20).

43. Plaintiff is a person as defined by the IDCSA, I.C. 24-5-0.5-2(a)(2).

44. Defendant is a supplier as defined by the IDCSA, I.C. 24-5-0.5-2(a)(3).

7

45. Defendant's attempts to collect on the subject consumer debts are consumer transactions as defined by IDCSA, I.C. 24-5-0.5-2(a)(1)(C).

46. Defendant engaged in unfair, abusive, and deceptive behavior in its transactions with Plaintiff.

47. Defendant intended that Plaintiff rely on its illegal behavior in order to procure payment of the subject consumer debt.

48. IDCSA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

49. IDCSA further states:

> A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater.  The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000).  I.C. 24-5-0.5-4(a)(1)(2).

50. As pled in paragraphs 23 through 26 Plaintiff has suffered damages as a result of Defendant's unlawful collection practices.

51. As such, Plaintiff is entitled to relief pursuant to I.C. 24-5-0.5-4(a)(1)(2).

WHEREFORE, Plaintiff, BARBARA HARWELL, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff damages, in an amount to be determined at trial, as provided under I.C. 24-5-0.5-4(a)(1)(2);

c. Awarding Plaintiff costs and reasonable attorney fees as provided under I.C. 24-5-0.5-4(a); and

d. Awarding any other relief as this Honorable Court deems just and appropriate

Dated: August 20, 2015                    Respectfully Submitted,

<u>s/ Nathan C. Volheim</u>
Nathan C. Volheim, Esq. #6302103
David S. Klain, Esq. #66305
Counsel for Plaintiff
Licensed in the Northern District of Indiana
Consumer Law Partners, LLC
435 N. Michigan Ave., Suite 1609
Chicago, Illinois 60611
(267) 422-1000 (phone)
(267) 422-2000 (fax)